[604 NYS2d 976]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DEMETRIUS MOORE, Appellant.

Third Department, December 9, 1993

## APPEARANCES OF COUNSEL

*Paul R. Corradini,* Elmira, for appellant.

*James T. Hayden, District Attorney* of Chemung County, Elmira, for respondent.

## OPINION OF THE COURT

MERCURE, J.

Defendant was indicted for burglary in the first degree and two counts of murder in the second degree (intentional murder and felony murder) in connection with the slaying of Rose Swartwood in her apartment. A pretrial *Frye* hearing *(see, Frye v United States,* 293 F 1013; *but see, Daubert v Merrell Dow Pharms.,* 509 US —, 113 S Ct 2786) was held to determine the admissibility of the results of forensic DNA testing conducted by Cellmark Diagnostics, Inc. (hereinafter Cellmark) that matched a sample of defendant's blood with a bloodstain found in Swartwood's apartment. At the conclusion of the hearing, County Court found that DNA fingerprint evidence satisfied the standards for admissibility set forth in *Frye* and that appropriate testing procedures were employed by Cellmark. Following trial, defendant was convicted of burglary in the first degree and acquitted on the charge of intentional murder. The jury was unable to reach a verdict on the charge of felony murder, but defendant was convicted on that charge following a second trial. Defendant now appeals.

■ Defendant's claim of error is premised upon the uncontroverted fact that DNA analysis of the unknown blood sam-

ple found in Swartwood's apartment revealed a series of six bands on the autoradiogram, whereas analysis of the known sample of defendant's blood revealed six bands, matching the unknown sample band for band, and an additional seventh band. However, the existence of this seventh band did not affect the admissibility of the DNA evidence because, as noted, County Court had already conducted a pretrial *Frye* hearing and the People adequately established that Cellmark's procedures and protocol were reliable and accepted, including testimony concerning blind proficiency test data *(see, People v Wesley,* 183 AD2d 75, 80, *lv granted* 81 NY2d 978). Further, Cellmark's expert explained that in its testing it chooses to lose the bottom DNA fragments in order to maximize its ability to measure and compare the middle range fragments. Thus, this seventh band, as with any band that fell below two kilobases, was outside the "window" that Cellmark looks at when making a comparison between banding patterns in different autoradiograms and was not quantified. Although defendant produced expert evidence at trial challenging Cellmark's methods, he did not produce such evidence at the *Frye* hearing. In these circumstances, County Court did not abuse its discretion in its pretrial admissibility determination. Furthermore, ancillary issues including "whether the laboratory followed the accepted procedures in carrying out the tests on the particular sample at issue speak to the weight the evidence is accorded and thus are not relevant to the initial determination of admissibility" *(People v Wesley, supra,* at 78; *see, People v Mohit,* 153 Misc 2d 22, 29; *cf., People v Castro,* 144 Misc 2d 956). We also agree with County Court that the potential for unfair prejudice does not outweigh the probative value of this DNA evidence, which included the expert opinion that the frequency of a person having the same six-band DNA profile as the blood sample taken from Swartwood's apartment is 1 in 24,000.

■ As a final matter, defendant has served only one notice of appeal, dated April 27, 1992, purporting to appeal from both judgments. A review of the record indicates that defendant has not served or filed a timely notice of appeal from the judgment rendered May 31, 1991 upon defendant's conviction for burglary in the first degree. We must therefore dismiss the appeal from that judgment.

WEISS, P. J., CREW III and WHITE, JJ., concur.

Ordered that the appeal from judgment entered May 31, 1991 is dismissed.

Ordered that the judgment entered April 27, 1992 is affirmed.